#2

UNITED STATES DISTRICT COURT for the
Southern District of New York

| | | |
|---|---|---|
| HASSAN CRAWFORD | * | Case No. 12 Civ 8520 |
| | * | **COMPLAINT** |
| Plaintiff, | * | **PLAINTIFF DEMANDS TRIAL** |
| vs. | * | **BY JURY** |
| RECOVERY PARTNERS, | * | |
| JOHN DOE'S 1-10 | * | |
| Defendants. | * | |

NOV 19 2012
PRO SE OFFICE

Case Number:

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, THE NEW YORK CONSUMER COLLECTION PRACTICES ACT, THE NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and DEMAND FOR JURY TRIAL and INJUNCTIVE RELIEF

COME NOW, the PLAINTIFF, Hassan Crawford, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, ALLIED INTERSTATE, NORMAN MERRITT, and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (General Business Law 380-b, also General Business Law article 25, the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the New York Consumer Collection Practices Act (§601 (hereafter "NYCCPA")), and the New York Deceptive and Unfair Trade Practices Act (General Business Law §§ 349-350-F (hereafter "UDAP")). An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.
2. Venue is proper, because many of the relevant events occurred within New York and New York Counties in the State of New York, which is located within this District.
3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.
4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within New York County, in New York.
6. The Defendant(s) RECOVERY PARTNER'S, DOE'S 1-10 is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.
7. The Defendant(s) RECOVERY PARTNER'S, DOE'S 1-10 are employees of the Defendant RECOVERY PARTNER'S and were at all times relevant to this complaint using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on behalf of both RECOVERY PARTNER'S, DOE'S 1-10.
8. The Defendant(s) is a collection agency for the RECOVERY PARTNER'S, DOE'S 1-10 during the period inclusive of 2003 to present.
9. The Defendants , DOE'S 1-10, are employees of RECOVERY PARTNER'S, during the period extending from June 2003 through present, and acted as the duly authorized agents for their employers.
10. All Defendants are considered a "person", under Black's Law dictionary's definition of "person".

FACTS

11. Plaintiff obtained credit report on and around October 2011.

12. Plaintiff received a letter from defendant(s) on and around, April 13, 2012. Plaintiff responded with a validation letter on and around November 2012 and received no response. Plaintiff sent second validation letter on October 24, 2012.

COUNT 1- VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

13. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

14. The defendant(s) RECOVERY PARTNERS, are debt collectors, as defined by 15 U.S.C. § 1692a(6).

15. The defendant(s) RECOVERY PARTNERS,violated the FDCPA by:

16. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt

17. Violations of § 1692e ([illegible] communicating information which is known to be false

18. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

COUNT 2- VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT

19. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

20. RECOVERY PARTNERS,regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

21. RECOVERY PARTNERS,did not notify the plaintiff at any time that the dispute was considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

22. RECOVERY PARTNERS,failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

23. RECOVERY PARTNERS, failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of ALLIED INTERSTATE.

24. RECOVERY PARTNERS,failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

25. RECOVERY PARTNERS,failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

26. RECOVERY PARTNERS,in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the tradelines were inaccurate, and even though the tradelines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of RECOVERY PARTNERS.

COUNT 3- VIOLATIONS OF THE NEW YORK
CONSUMER COLLECTION PRACTICES ACT

27. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

28. RECOVERY PARTNERS,violated New York Statute §601 by disclosing to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.

29. RECOVERY PARTNERS, violated New York Statute §601, by disclosing to Equifax information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

30. The Defendants Lisa Majors, and Mona Donald, violated New York Statute §601, by disclosing to information affecting the Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

31. The Defendant(s) RECOVERY PARTNERS, violated New York Statute §601, as evidenced by the fact that RECOVERY PARTNERS, while acting as authorized agents for their employers, each disclosed information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

32. RECOVERY PARTNERS, failed to enact reasonable rules, policies, procedures, or training to prevent their agents and employees from carrying out such destructive and deleterious actions.

33. The Defendants each separately and individually violated New York Statute §601by disclosing information concerning the existence of a debt known to be reasonably

disputed by the Plaintiff without disclosing that fact.

34. The Defendants each separately and individually violated New York Statute §601 by claiming, attempting, or threatening to enforce a debt when they each knew or had reason to know that the debt was not legitimate.

COUNT 4- VIOLATIONS OF THE NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

35. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

36. The actions stated herein and carried out by the defendants were violations of New York State and Federal Law, and are therefore unfair and/or deceptive trade practices as defined by General Business Law §§ 349-350-f.

37. Unfair and/or deceptive trade practices are a violation of the New York Deceptive and Unfair Trade Practices Act pursuant to General Business Law §§ 349-350-f.

COUNT 5- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The allegations of paragraphs 1 through 12 of this Complaint are realleged and incorporated by reference.

39. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

40. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair Debt collection Practices Act, the New York Consumer Collection

Practices Act, and the New York Deceptive and Unfair Trade Practices Act.

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

(C) For an order awarding actual damages in the following amount:

1. Against RECOVERY PARTNERS,, in the amount of $200.          *

(D) For an order awarding statutory damages in the following amounts:

1. Against RECOVERY PARTNERS,, for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $4,000; for violations of the New York Consumer Collection Practices Act, in the amount of $1,000.

(E) For an order awarding punitive damages as follows:

1. Against RECOVERY PARTNERS, in the amount of $15,000.

And for such other and further relief as the court deems just and proper under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

ALL RIGHTS & LIBERTIES RESERVED

By: Hassan Crawford DBA HASSAN CRAWFORD
GENERAL DELIVERY
NEW YORK, NY 10001
(914) 356-8647

DATE: OCTOBER 26, 2012

Equifax

Your Annual Equifax Credit Report

**Get Started** >> Verify >> View Report

Equifax understands the importance of keeping your information secure from unauthorized access. All of your data, such as your SSN and Card Number, is encrypted before being transmitted to/from our servers. For your security, this site requires the use of a 128-bit SSL compatible browser. Equifax Secure Site

# Equifax Credit Report™

Back

Print This Page Save as PDF Member Center

1. Credit Summary
2. Accounts
3. Inquiries
4. Negative Information
   - Negative Accounts
   - Collections
   - Public Records
5. Personal Information
6. Dispute File Information
7. Summary of Your Rights Under the FCRA
8. Remedying the Effects of Identity Theft

# Equifax Credit Report ™ for Hassan A. Crawford

Print Report

As of:
11/19/2012

Available until:
12/19/2012 - Report Does Not Update

Confirmation #:
2824313237

Correct errors in your Credit Report
Initiate Online Dispute

**Did you know that your free annual credit report does not include your credit score? Know where you stand by getting your credit score today.**

Order your **Equifax Credit Score™** with this credit report ***for only $7.95***

Buy Credit Score Now  

RECOVERY PARTNERS LLC

| | |
|---|---|
| Status Date: | 11/2012 |
| Status: | D - Unpaid |
| Comments: | N/A |

RECOVERY PARTNERS LLC

| | |
|---|---|
| Agency Address: | 4151 N Marshall Way Ste 12<br>Scottsdale, AZ 852513839<br>(480) 747-9849 |
| Date Reported: | 11/2012 |
| Date Assigned: | 12/2007 |
| Creditor Classification: | Cable/Cellular |
| Creditor Name: | SIMPLY WIRELESS |
| Accounts Number: | 8XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $570 |
| Date of 1 st Delinquency: | 07/2007 |
| Balance Date: | 11/2012 |
| Balance Owned: | $570 |
| Last Payment Date : | N/A |
| Status Date: | 11/2012 |
| Status: | D - Unpaid |
| Comments: | N/A |

Skip advertisement - This advertisement may lead to a page that is not screen readable.

Equifax offers you personal credit products that enlighten, enable and empower you. Whether you are managing your credit, protecting your identity or preparing for a major purchase, Equifax offers the tools you need to make the smartest choices possible. For more information visit www.Equifax.com.

Copyright Equifax 2011
Copyright Equifax 2012

Privacy Policy
Terms of Use
Security Policy
Disclosure Information
Site Map
Contact

Create an account to access Your Report for 30 days

Click here to create account

RECOVERY PARTNERS LLC

| | |
|---|---|
| Agency Address: | 4151 N Marshall Way Ste 12<br>Scottsdale, AZ 852513839<br>(480) 747-9849 |
| Date Reported: | 11/2012 |
| Date Assigned: | 12/2007 |
| Creditor Classification: | Cable/Cellular |
| Creditor Name: | SIMPLY WIRELESS |
| Accounts Number: | 8XXXX |
| Account Owner: | Individual Account. |
| Original Amount Owned: | $570 |
| Date of 1 st Delinquency: | 07/2007 |
| Balance Date: | 11/2012 |
| Balance Owned: | $570 |
| Last Payment Date : | N/A |