```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

HASSAN CRAWFORD,

                Plaintiff,              12 Civ. 8520
     -against-                             OPINION

RECOVERY PARTNERS, et al.,

                Defendants.

----------------------------------------X

A P P E A R A N C E S:

     HASSAN CRAWFORD
     Pro Se

     Attorneys for Defendants
     Recovery Partners et al.

     LAW OFFICES OF ARTHUR SANDERS
     30 South Main Street
     New City, New York 10956
     By:  Arthur Sanders, Esq.

     MEL S. HARRIS AND ASSOCIATES, LLP
     5 Hanover Square
     New York, NY 10004
     By:  Shelby Kirsten Benjamin, Esq.
```



**Sweet, D.J.**

Plaintiff Hassan Crawford ("Plaintiff" or "Crawford") moves pursuant to Federal Rules of Civil Procedure 15(a) and 19(a) for leave to file an Amended Complaint (the "AC") adding Defendants, including, Daphne Ann Cedres ("Credres"), Mel S. Harris and Associates, LLC ("Mel S. Harris"), Shelby K. Benjamin ("Benjamin"), Mel Harris ("Harris"), and Arthur Sanders ("Sanders") (collectively, the "added Defendants"), to the original Complaint, which was previously against Recovery Partners ("RP") and John-Does.

For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**Procedural History & Facts**

Plaintiff filed the initial Complaint commencing this action on November 19, 2012, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"), as well as violations of the Fair Credit Reporting Act ("FCRA"), and several provisions of New York's General Business Law, including sections 380-b and 349 through 350.

1

Specifically, the allegations maintain that RP communicated false information to Crawford regarding his debt and reported false information to various credit bureaus[1], that these actions constituted intentional infliction of emotional distress on Plaintiff, and that Plaintiff's reputation was tarnished as a result.

On January 2, 2014, Plaintiff requested leave to file the AC, adding Cedres, Mel S. Harris, Benjamin, Harris, and Sanders to the lawsuit. These added Defendants are the law firm, and lawyers employed by that firm, as well as a legal assistant employed by that firm, who represent RP in the instant litigation. These parties have no independent relationship with Crawford aside from through their representation of RP in this matter. The proposed AC contains four paragraphs of factual allegations, only two of which pertain to the added Defendants. The factual allegations relating to the added Defendants exclusively pertain to the Defendants' representation of RP in the instant litigation.

Plaintiff's motion was heard and marked fully submitted on February 12, 2014.

---

[1] The Complaint mistakenly references Allied Interstate and Norman Merritt at various points. The Court will assume that Plaintiff intended the allegations to apply to RP.

2

**The Applicable Standard**

The standard governing motions to amend is a "permissive" one that is informed by a "strong preference for resolving disputes on the merits." *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (citing *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005)); *see also Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir.1999) (referring to the "relaxed standard" for motions to amend). Rule 15(a) provides that leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The "circumstances and terms upon which such leave is to be 'freely given' is committed to the informed, careful judgment and discretion of the Trial Judge as he superintends the development of a cause toward its ultimate disposition." *Freeman v. Continental Gin Co.,* 381 F.2d 459, 468 (5th Cir. 1967) (internal citations omitted).

The Supreme Court has stated that absent undue delay, bad faith, undue prejudice, or futility, the "mandate" under Fed. R. Civ. P. 15(a)(2) to freely grant leave to amend "is to be heeded." *Forman v. Davis,* 371 U.S. 178, 182 (1962); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.,* 626 F.3d 699, 725 (2d Cir. 2010) ("The rule in this Circuit has been to

3

allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.") (quoting *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993)).  If, on the other hand, the proposed amendment "fails to state a claim or would be subject to a successful motion to dismiss," or would cause undue delay, bad faith, or undue prejudice, a motion to amend may be denied.  *Kirk v. Heppt,* 423 F.Supp.2d 147, 149 (S.D.N.Y. 2006); *see also Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (leave to amend should be denied where an amendment to a pleading is futile, namely that "the proposed claim could not withstand a motion to dismiss").  Thus, the standard for leave to amend, while permissive, is by no means "automatic," *Klos v. Haskel,* 835 F.Supp. 710, 715 (W.D.N.Y.1993), or a "mechanical absolute."  *Freeman v. Continental Gin Co.,* 381 F.2d 459, 468 (5th Cir. 1967).

**<u>Plaintiff's Motion to Amend is Granted in Part and Denied in Part</u>**

The proposed AC contains five counts: (1) Count One for violations of the Fair Debt Collection Practices Act; (2) Count Two for violations of the Fair Credit Reporting Act; (3) Count Three for violations of the New York Consumer Collection Practices Act; (4) Count Four for violations of the New York

4

Deceptive and Unfair Trade Practices Act; and (5) Count Five for intentional infliction of emotional distress.

To support these allegations, Plaintiff alleges that Crawford e-mailed Mel S. Harris requesting validation of debt on and around October 2013, that Crawford received several e-mails from Cedres and employee(s) of Mel. S. Harris on or around December 2013, and that a paralegal for Mel S. Harris stated that this was "an attempt to collect a debt," and requested that Plaintiff view a correspondence from Sanders.  (AC ¶¶ 13-14.)

In turn, Defendants maintain that these correspondences only confirm that the law firm and its corresponding employees are defending RP in the instant lawsuit, and are not employed by RP to collect any sum of money from Plaintiff or to represent RP in any capacity other than with respect to the current litigation.  Defendants also note the absence of any correspondence by the individual Defendants with any credit-reporting agency regarding Crawford, including Equifax, or any credit reports containing the names of any of the added Defendants as relating to this case, or any other.

> A. *Plaintiff Fails to Allege Sufficient Facts in Count I to Support Contact by the Added Defendants aside from in their Representative Capacity*

5

Count One alleges that the added Defendants are debt collectors, as defined by 15 U.S.C. § 1692a(6), and violated the FDCPA through false representation of the character, amount, or legal status of the debt. (Proposed Amended Complaint, "AC"; ¶¶ 15-20.)

Plaintiff's complaint fails to allege a cognizable claim under 15 U.S.C. § 1692a(6). Under that statute,

> the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

*Id.*

Accepting Plaintiff's unsupported and conclusory allegations as true, Plaintiff's claim still does not support an inference that Defendants were acting as a "debt collector" under the terms of the statute, or in any capacity other than as legal representatives. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1286 (2004) ("[A] pleader's conclusory allegations of law, unsupported

6

factual assertions, and unwarranted inferences do not have to be accepted by the federal court as true, particularly on a Rule 12(b)(6) motion to dismiss."); *Donini Int'l. v. Satec LLC,* No. 03 Civ. 9471(CSH), 2004 U.S. Dist. LEXIS 13148, 2004 WL 1574645, at *3-*4 (S.D.N.Y. July 13, 2004) (citing *Elec. Commc'n Corp. v. Toshiba Am. Consumer Prods., Inc.,* 129 F.3d 240, 243 (2d Cir.1997)) (dismissing a conspiracy claim against a defendant based solely on conclusory allegations).

As such, leave to amend Count I is denied.

B. *Plaintiff's Allegations Underlying Counts II and III are Sufficient to Survive at this Stage in the Proceedings*

Counts Two and Three allege that the added Defendants furnished information to one or more consumer reporting agencies about their transactions or experiences with consumers, failed to review all relevant information provided by the consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a)(1)(A)[2], failed to adequately conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1), did not inform the consumer reporting agencies that the

---

[2] Plaintiff maintains the claim pursuant to 15 U.S.C. § 1681i(2), which relates to prompt notice of any disputes to the furnisher of information. Given Plaintiff's underlying claims, it seems apparent that Plaintiff meant to cite 16811(a)(1)(A), which relates to adequately investigating consumer information.

7

investigation was incomplete or inaccurate as required by 15 U.S.C. § 1681s-2(b)(1)(D) and instead falsely maintained that the information was complete, and violated the New York Consumer Collection Practices Act by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the Plaintiff's reputation for credit worthiness without informing the agencies of the existence of a dispute as to the information at issue.  (AC ¶¶ 21-32.)

Further, Count Two alleges that the added Defendants disclosed to Equifax, and other consumer reporting agencies, information affecting the Plaintiff's reputation, including disclosing the existence of a debt disputed by the Plaintiff, with knowledge or reason to know that the information was false, as well as threatened to enforce this debt when the added Defendants purportedly knew or had reason to know that the debt was not legitimate.  (*Id*. ¶¶ 33-36.)

Section 1681s-2(b) "provide[s] for a private right of action against entities that furnish information to credit reporting agencies."  15 U.S.C. § 1681s-2(b); *see also Crawford v. Duncan,* No. 11-CV-3774, 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) ("Filing a dispute *triggers a duty* on the part of the furnisher to reasonably investigate and verify that the

8

information is accurate." (emphasis added) (internal quotation marks omitted)). Section 15 U.S.C. § 16811(a)(1)(A) provides,

> "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly ... of such dispute, the agency shall, free of charge, conduct a *reasonable reinvestigation* to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer."

15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

Plaintiff's allegations on their face are sufficient to support a claim under these statutes. Plaintiff alleges that a dispute existed, of which Defendants were aware, and the existence of which triggered Defendant's obligation to conduct a "reasonable reinvestigation." *Id.* Further, without the benefit of discovery, it is not yet apparent whether the added Defendants have communicated with consumer reporting agencies concerning Crawford, or misrepresented information by either withholding knowledge of the dispute or failing to properly investigate the dispute. Plaintiff is thus entitled to discovery to determine if such allegations may be supported at this stage in the proceedings, and Plaintiff's motion to amend with respect to Counts II and III is granted. *See, e.g.,*

9

*Abraham v. American Home Mortgage Servicing*, 2013 US Dist. LEXIS 73801 (E.D.N.Y. 2013) ("A Court must deny a motion to amend if it does not contain enough factual allegations, accepted as true, to state a claim for relief that it is plausible on its face."); *Riverhead Park Coop v. Cardinale*, 881 F. Supp. 2d 376, 379 (E.D.N.Y. 2012); *Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012); *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998) (citations omitted) ("The issue is not whether a [movant] is likely to prevail ultimately, but whether [he] is entitled to offer evidence to support his claims.").

    C. *Counts II and III Support Count IV*

Count Four maintains that the added Defendants, through the actions alleged in Counts One through Three, committed unfair and/or deceptive trade practices under the New York Deceptive and Unfair Trade Practices Act. (AC ¶¶ 37-39.) Under Section 349 of the New York General Business Law. N.Y. Gen. Bus. L. § 349 (McKinney 2010), "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" are prohibited.

If, as Plaintiff alleges, Defendants inappropriately communicated with consumer reporting agencies concerning

Crawford, or misrepresented information by either withholding knowledge of the dispute or failing to properly investigate the dispute, such actions could support a cause for "deceptive and unfair trade practices" under the relevant statute. "Accepting as true the factual allegations in the proposed AC" and "drawing all inferences in Crawford's favor", as required, see *Weixel v. Board of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002), and keeping in mind the lenient standard of Federal Rule of Civil Procedure 15 that leave to amend be "freely given," Plaintiff's Fourth Count contains sufficient factual allegations to state a claim for relief at this stage and leave to amend this claim is granted. *Winston v. City of New York*, 2013 WL 4516097, at *1 (E.D.N.Y. Aug. 23, 2013); see also *Russ v. Chambers*, 2011 WL 7063376, *1 (E.D.N.Y. Dec. 14, 2011) ("I must therefore accept the proposed amended complaint's material factual allegations as true, and I may not deny leave to amend on the ground of futility unless the proposed pleading fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (internal citations omitted).

> D. *Plaintiff Fails in Count V to Adequately Allege "Severe Emotional Distress"*

Count Five contends that through the actions alleged, the added Defendants intended to and did inflict severe

emotional distress upon the Plaintiff, in taking advantage of a consumer reasonably unable to protect his interests. (*Id.* ¶¶ 40-42.)

Under New York law, a claim of intentional infliction of emotional distress requires: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman,* 164 F.3d 820, 827 (2d Cir.1999).

As New York's highest court has observed, the standard for stating a valid claim of intentional infliction of emotional distress is "rigorous, and difficult to satisfy." *Howell v. New York Post Co.,* 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699 (1993) (citations omitted). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Stuto,* 164 F.3d at 827 (quoting *Howell,* 81 N.Y.2d at 122, 596 N.Y.S.2d at 353, 612 N.E.2d 699). Even if Plaintiff's allegations met this standard—which the Court submits they do not—Plaintiff does not anywhere allege any form of emotional

12

distress, severe or otherwise. As such, Plaintiff's allegations fail to state a claim upon which relief could be granted and leave to amend is denied.

**Conclusion**

As set forth above, Plaintiff's motion to amend is granted in part and denied in part.

It is so ordered.

New York, NY
April 28, 2014

_____
ROBERT W. SWEET
U.S.D.J.

13